UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SELECTSUN GMBH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )     CAUSE NO. 1:14-CV-215 |
| | ) |
| PORTER, INC., d/b/a Thunderbird Products, | ) |
| and INTERNATIONAL NAUTIC, LLC, | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Due to Defendant International Nautic, LLC's disregard for this Court's Orders, and pursuant to 28 U.S.C. § 636(b)(1)(b), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b), the undersigned Magistrate Judge recommends that International Nautic's Answer (DE # 78) and Motion to Dismiss (DE # 80) be stricken, and that a default judgment be entered against it as a sanction under Federal Rule of Civil Procedure 16(f)(1).[1] This Report and Recommendation is based on the following facts and principles of law.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff SelectSun GmbH filed this breach of contract action against Defendants Porter, Inc., and International Nautic in January 2014 in the Southern District of New York, and the case was transferred here in July 2014. (DE # 2.) This Court held a preliminary pretrial conference on August 26, 2014, setting a discovery deadline of July 1, 2015. (DE # 65.)

---

[1] The undersigned Magistrate Judge has entered this Report and Recommendation *sua sponte* as a follow up to her Order dated March 25, 2015. (DE # 122.) Also pending, however, is a Motion for Sanctions or a Conditional Order of Sanctions filed on February 18, 2015, by Plaintiff SelectSun GmbH. (DE # 102.)

In October 2014, Porter and International Nautic each filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (DE # 76, 80.)

On January 22, 2015, International Nautic filed a motion for protective order after SelectSun noticed the depositions of International Nautic's principal, Leila Kitzinger, and two of its witnesses. (DE # 89.) The parties eventually resolved the discovery dispute, setting the depositions for February 11 through 13 (DE # 95), but ultimately Ms. Kitzinger and the two witnesses failed to appear for the depositions (*see* DE # 102).

On February 6, 2015, International Nautic's attorneys moved to withdraw, citing a total breakdown in communication. (DE # 99.) On February 26, 2015, this Court entered an Order setting the motion to withdraw for a telephonic hearing on March 5, 2015, ordering counsel and a company representative of International Nautic to appear. (Docket # 107.)

A company representative of International Nautic, however, failed to appear at the March 5th hearing. (Docket # 109.) The Court did reach International Nautic's long-time Florida counsel, who confirmed that International Nautic had received the Court's notice of hearing, but had elected not to appear and was abandoning its defense of this case. (Docket # 109, 110.) In that same vein, on March 17, 2015, International Nautic's local counsel filed a letter dated March 6, 2015, signed by Ms. Kitzinger, terminating counsel's representation and indicating that International Nautic was abandoning its defense of this case. (Docket # 115.)

On March 25, 2015, this Court issued a Notice and Order granting International Nautic's counsel's motion to withdraw and affording International Nautic up to and including April 9, 2015, to obtain new counsel and cause the new counsel to enter an appearance on its behalf. (DE # 122.) International Nautic was warned that its failure to obtain new counsel and appear by

2

such date may result in appropriate measures, including possibly striking its answer and motion to dismiss, forcing it into a default judgment.[2] (DE # 122.) In addition, International Nautic was ordered to show cause for its failure to attend the March 5, 2015, hearing by submitting a written statement to the Court on or before April 16, 2015, and was warned that failure to show cause may result in sanctions, up to and including the entry of a default judgment. (DE # 122.)

## II. DISCUSSION

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the court to strike pleadings, dismiss an action, or render a default judgment, in whole or part, as a sanction. The "ultimate sanction" of a dismissal or default judgment "is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Here, despite this Court's Order requiring its presence, a company representative of International Nautic failed to appear at the March 5, 2015, hearing on the motion to withdraw. (DE # 109.) Communication from counsel indicated that International Nautic chose to wilfully

---

[2] International Nautic is a limited liability company, and a limited liability company cannot proceed *pro se* in federal court. *See United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008); *Robinson ex rel. Ind. Reg'l Council of Carpenters Pension Trust Fund v. Vision Drywall, LLC*, No. 2:07-cv-190, 2010 WL 2674475, at *3 (N.D. Ind. June 29, 2010). Accordingly, International Nautic was warned that its failure to obtain new counsel could result in its answer and motion to dismiss being stricken and the entry of a default judgment against it. (DE # 122 at 6-7 (citing *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002); *Barnett v. A S &I*, No. 3:13-cv-2464, 2014 WL 1641905, at *1 (N.D. Tex. Apr. 24, 2014); *Miller v. Dunn & Phillips*, 839 F. Supp. 2d 383, 386 (D. Mass. 2011); *Pic Power Indus., Ltd. v. Cook-N-Throw,* No. 00 Civ. 9119 THK, 2001 WL 840073, at *2 (S.D.N.Y. 2001).)

3

disobey the Court's Order, resulting in a clear record of delay. International Nautic's failure to appear at the March 5th hearing, by itself, is sanctionable under Rule 16(f)(1) with a default judgment.

And the Court afforded International Nautic an opportunity to show cause for its failure to appear at the March 5th hearing by filing a response with the Court on or before April 9, 2015. (DE # 122.) The Court explicitly warned International Nautic that its failure to show cause may result in its answer and motion to dismiss being stricken and the entry of a default judgment.

As such, the Court not only warned International Nautic of the possibility of a default judgment, but also gave it the chance to show cause–an opportunity it apparently declined to take–all of which suggests that a default judgment is appropriate in this case. Accordingly, given International Nautic's repeated failure to comply with the Court's Orders and apparent disinterest in defending itself in this suit, striking its answer and motion to dismiss and entering a default judgment as a sanction is appropriate.

### III. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the District Judge strike International Nautic's Answer (DE # 15, 78) and Motion to Dismiss (DE # 80) and enter a default judgment against it as a sanction under Federal Rule of Civil Procedure 16(f)(1).

The Clerk is directed to send a copy of this Report and Recommendation to International Nautic, LLC, at its last known address, 141 Fishermans Way, Jupiter, FL 33477, and to counsel for Plaintiff SelectSun and Defendant Porter, Inc. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve

and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005) (unpublished); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

      SO ORDERED.

      Entered this 22nd day of April, 2015.

      /s Susan Collins
      Susan Collins,
      United States Magistrate Judge