# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| SELECTSUN GMBH, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL NAUTIC LLC, <br><br> Defendant. | CAUSE NO.: 1-14-CV-215-TLS-SLC |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's, SelectSun GmbH, Motion for Entry of Final Judgment against Defendant, International Nautic LLC (Nautic) in the amount of $1,032,816.85, plus attorneys' fees and costs [ECF No. 240]. The Court understands that this is a motion for final judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

## BACKGROUND

The Plaintiff has litigated this case in the Northern District of Indiana since July 2014. The Plaintiff's allegations center around a boat he purchased that he cannot legally operate within the European Union. (Op. and Order at 2, ECF No. 228.) International Nautic ordered and purchased the boat from Defendant Porter, a boat manufacturer. (*Id* at 1.) The Plaintiff worked with International Nautic to have the boat delivered to Germany. (*Id*.) The Plaintiff alleges the following claims against International Nautic: (i) fraudulent misrepresentation; (ii) negligent misrepresentation; (iii) aiding and abetting; (iv) civil conspiracy; (v) negligence; (vi) breach of express contract; (vii) breach of implied-in-fact contract; (viii) breach of duty of good faith and fair dealing; (ix) breach of express warranties; (x) breach of implied warranties pursuant to UCC

§ 2-314; (xi) violation of Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*; and (xii) unjust enrichment.

International Nautic filed an answer and motion to dismiss initially but abandoned the litigation thereafter. International Nautic stopped communication with its attorneys in early 2015 and its local counsel filed a Motion to Withdraw Appearance in February 2015 [ECF No. 99]. In the Motion, the attorneys explained that there had been a breakdown in communication and had been unable to reach the Defendant to discuss any case matters. (*Id*. at 2–3.) The Court contacted International Nautic's long-time Florida counsel, who informed the Court that International Nautic intended to abandon its defense of the case [ECF Nos. 109, 110]. On March 25, 2015, the Court granted local counsel's Motion to Withdraw Appearance, ordered International Nautic to show cause for its failure to attend the March 5, 2015 hearing, and granted International Nautic up to and including April 9, 2015 to obtain new counsel and enter an appearance on its behalf [ECF No. 122]. The Court warned International Nautic that failure to obtain new counsel or show cause could result in sanctions, up to and including the entry of a default judgment. (*Id*.) Despite these admonitions, International Nautic did not respond. On March 31, 2016, the Court entered a default judgment against International Nautic on all the Plaintiff's causes of action as a sanction under Federal Rule of Civil Procedure 16(f)(1) [ECF No. 170]. The Court declined to enter final judgment on default until the conclusion of litigation to "avoid the possibility of inconsistent results." (*Id*.)

The Plaintiff's case against Defendant Porter was before the Court on a four-day bench trial [ECF Nos. 222–25] and the Court found against the Plaintiff on all its claims. In its Opinion and Order, the Court stated that the Plaintiff failed to provide sufficient evidence to "tie to the drive shaft issues to Porter or International Nautic, and instead focused its arguments around CE-

certification." (Op. and Order at 33, ECF No. 228.) The Court noted that the boat could become CE-certified with a different exhaust system. (*Id*.) Specifically, the Court stated that two different experts testified that a new exhaust system in compliance with EU standards would cost around a few thousand dollars. The Court thus withheld the entry of a final judgment against International Nautic until the Plaintiff provided evidence estimating the cost to replace the exhaust system to bring the Boat into compliance with EU standards. (*Id*.)

On October 31, 2018, the Plaintiff filed an Affidavit of Hubertus A. Kettner [ECF No. 239] in accordance with the Court's ruling. The affiant disagreed with the Court's finding that the boat could be equipped with an exhaust system in compliance with EU standards. (Aff. of H. Kettner ¶ 3.) According to the affiant, "[t]he damages suffered are a total loss, i.e. the full purchase price of $840,000 together with the additional costs incurred." (*Id*. at ¶ 7.) On January 11, 2019, the Plaintiff filed a Motion for Entry of Final Judgment [ECF No. 240]. The Plaintiff argues that the Kettner affidavit indicates that the cost of repair is inadequate to make the Plaintiff whole (Pl.'s Mot. for Entry of Final J. at 6.) The Plaintiff claims that it established that the final judgment entered against International Nautic should be $1,032,816.85 ($840,000.00 purchase price of boat + $124,000 financing charges + $68,816.85 purchase price of boat lift). (*Id*. at 5.) Finally, the Plaintiff argues that attorneys' fees and costs should be awarded, but does not specify those costs. (*Id*. at 7.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). There is a clear distinction "between the entry of default and entry of a default judgment." Once the default of a party has been established for failure to plead or otherwise defend, Federal Rule of Civil Procedure 55

authorizes a party to seek and a court to enter a default judgment. Provided a plaintiff's allegations are well-pleaded, a default judgment "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (alterations in original) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *Id.*, *Dundee Cement Co.*, 722 F.2d at 1323.

## ANALYSIS

The default judgment entered on March 31, 2016 [ECF No. 170] established International Nautic's liability, but the default did not establish the extent of the damages resulting therefrom, which remains the Plaintiff's burden. *Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014) (noting that "while a default judgment conclusively establishes liability, the victor must still prove up damages"); *see also Jones-Bey v. Wright*, 1996 WL 476661, at *6 (N.D. Ind. Aug. 19, 1996) ("The entry of default, however, does not resolve the issue of damages, and the burden remains upon [the plaintiff] to establish the amount of his damages which proximately resulted from the acts and conduct of the defaulted defendants."). The Plaintiff is correct that International Nautic, through its failure to defend, did not present any evidence that the alleged damage did not occur (Pl.'s Mot. for Entry of Final J. at 5), but the Plaintiff must still prove the damages he sustained resulted from International Nautic's wrongful conduct.

4

Within the Seventh Circuit, judgment by default may not be entered without a hearing unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.3d at 1323. The Seventh Circuit permits "broad latitude" in quantifying damages, "especially when the defendant's own conduct impedes quantification." *BCS Servs., Inc. v. Heartwood 88, LLC* 637 F.3d 750, 759 (7th Cir. 2011). "To prove the amount of damages, however, conclusory allegations in an affidavit are generally insufficient." *United States v. Bornes*, 2011 WL 1769011, at *2 (N.D. Ind. May 9, 2011). Additionally, when there are component parts to a damages total, the court requires evidence to support the components of the total damages. *Id.*, (citing *Dundee Cement Co.*, 722 F.2d at 1324). The amount of damages sought, must also "naturally flow from the injuries pleaded." *Wehrs v. Wells*, 688 F.3d 886, 893 (7th Cir. 2012). Thus, an affidavit that does not provide details as to how damages were calculated will be deemed insufficient to prove damages. *See*, *e.g.*, *Bornes*, 2011 WL 1769011, at *2; *Trs. of The In. State Council of Roofers Health & Welfare Fund v. Charles Gluth & Son Roofers, Inc.*, 2010 WL 4687660, at *2 (N.D. Ind. Nov. 8, 2010).

In support of its damages, the Plaintiff presents an affidavit from Kettner, who testified during the bench trial. (Op. and Order at 20.) The Plaintiff's affiant claims that the boat cannot be equipped with an integral exhaust system because the exhaust system cannot be rebuilt with the boat's specific engine. (Aff. of Kettner ¶ 3.) Additionally, the affiant states that there had already been an attempt to alter the exhaust system, which was unsuccessful. (*Id.* at ¶¶ 5–6.) The affiant claims that the "damages suffered are a total loss." (*Id.* at ¶ 7.) The Plaintiff argues that the Kettner affidavit demonstrates that the boat is "worthless in the European Union" and the Plaintiff is entitled to the $840,000 purchase price of the boat, the $68,816.85 boat lift

5

specifically acquired for the boat, and financing charges in the amount of $124,000.00. (Pl.'s Mot. for Entry of Final J. at 5.)

As part of establishing damages, the Court stated that it would use the evidence presented over the course of the bench trial related to damages to inform the default judgment against International Nautic. (Op. and Order at 33.) The Seventh Circuit has stated that "[e]ven when a default judgment is warranted because on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d at 793 (citation marks omitted). Considering this record and the Court's own inquiry, the Court finds that the Plaintiff has demonstrated that damages in the amount of $68,816.65 for the boat lift and financing charges in the amount of $124,000.00 are appropriate. The Plaintiff, however, has failed to demonstrate that damages for the full cost of the boat and attorney's fees are appropriate.

First, there is a dispute between the Court's findings that the boat could become CE-certified and the affidavit presented. In its Opinion and Order denying the Plaintiff's claims against Defendant Porter, the Court found that Defendant's expert Augusto Villalon, presented persuasive evidence that the "[b]oat can be CE-certified with a different exhaust system" and it appears that the boat "could have been CE-certified before this litigation began in January 2014, with a change to the integral exhaust system." (Op. and Order at 33–34.) The affiant disputes this and the Plaintiff contends that the Court "should not rely on Mr. Villalon's unreliable (uninformed and without foundation or basis) testimony in determining the Final Judgment against International Nautic." (Pl.'s Mot. for Entry of Final J. at 7 n.2.) Kettner's affidavit notes that there was an attempt to fix the boat but it does not describe these efforts in detail or provide

6

supporting documentary evidence. "Courts must ascertain with reasonable certainty the proper amount of damages based upon either an evidentiary hearing or definite figures contained in documentary evidence or a *detailed* affidavit." *Huegel v. Wal-Mart Stores, Inc.*, 2016 WL 5929257, at *1 (N.D. Ind. Oct. 11, 2016) (emphasis added). Where an affidavit fails to provide sufficient detail and is not accompanied by additional documentation, such as here, an evidentiary hearing is appropriate. *Id.*, at *2. As is, the Kettner affidavit alone "cannot provide the requisite reasonable certainty for a damages award without the necessity of a hearing." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594 603 (7th Cir. 2007).

      Finally, the Plaintiff requests attorneys' fees and costs, but fails to provide a breakdown of those costs. The Plaintiff must provide a sufficiently itemized statement of the time spent on each task for which the Plaintiff seeks legal fees, along with the rate charged for each task, to demonstrate their reasonableness. *Lauer v. Working Office Techs. Co., LLC*, 2011 WL 4399818, at *2 (N.D. Ind. Sept. 21, 2011).

      Therefore, the Court WITHHOLDS entry of judgment. The Court ORDERS the Plaintiff to file additional materials to demonstrate with a reasonable certainty the damages requested and attorneys' fees and costs by May 3, 2019.

      SO ORDERED on March 28, 2019.

                                                s/ Theresa L. Springmann
                                                CHIEF JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT