# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| SELECTSUN GMBH,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL NAUTIC LLC,<br><br>    Defendant. | CAUSE NO.: 1:14-CV-215-TLS-SLC |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Entry of Final Judgment against International Nautic LLC [ECF No. 240], filed on January 11, 2019. For the reasons stated below, this Motion is granted in part and denied in part.

## BACKGROUND

On February 19, 2014, the Plaintiff filed an Amended Complaint [ECF No. 3] against (1) International Nautic LLC and (2) Porter, Inc. d/b/a Thunderbird Products. In essence, the Plaintiff alleged that it suffered "substantial damages" because a boat it purchased from the Defendants was not CE compliant. Pl.'s Am. Compl. at ¶¶ 142–49. Based upon this, the Plaintiff raised the following claims: fraudulent misrepresentation (Count 1); negligent misrepresentation (Count 2); aiding and abetting (Count 3); civil conspiracy (Count 4); negligence (Count 5); breach of express contract (Count 6); breach of implied-in-fact contract (Count 7); breach of duty of good faith and fair dealing (Count 8); breach of express warranties (Count 9); breach of implied warranties (Count 10); violation of the Magnuson-Moss Warranty Act (Count 11); and unjust enrichment (Count 12). *Id.* ¶¶ 175–269.[1] Regarding damages, the Plaintiff requested (1)

---

[1] Notably, Counts 8, 9, 10, and 11 of the Amended Complaint do not directly allege misconduct by International Nautic LLC. *Id.* ¶¶ 233, 242, 253, 262.

$908,816.85 in compensatory damages, or in the alternative, rescission; (2) $2,726,450.55 in punitive damages; and (3) attorneys' fees and costs. *Id.* p. 34.

On April 22, 2015, Magistrate Judge Susan Collins issued a Report and Recommendation [ECF No. 130] in which she recommended that default judgment be entered against International Nautic LLC due to its failure to appear at several court hearings.[2] Report & Recommendation, pp. 3–4, ECF No. 130. Judge Collins further recommended that International Nautic LLC's Answers [ECF Nos. 15, 78] and Motion to Dismiss [ECF No. 80] be stricken. *Id.* Ultimately, the Honorable James T. Moody accepted these recommendations and struck International Nautic LLC's Answers and Motion to Dismiss. Order, pp. 1–2, ECF No. 170. However, in order to avoid the possibility of inconsistent results, Judge Moody withheld "entry of a final judgment on the default until the conclusion of this litigation." *Id.* at 2.

On August 31, 2015, Porter filed a Cross-Motion for Summary Judgment [ECF No. 149]. On March 30, 2017, this Motion was granted in part and denied in part by Judge Moody. Op. & Order, p. 25, ECF No. 179. Namely, the Motion was granted as to Counts 1 through 5 of the Amended Complaint but denied as to Counts 6 through 12. *Id.* Shortly thereafter, the Clerk of Court reassigned this case to the undersigned as presiding judge. Order, ECF No. 180.

In March 2018, the Plaintiff's case against Porter proceeded to a bench trial. *See* ECF No. 231. Following the trial, the Court entered judgment in favor of Porter. Op. & Order, p. 34, ECF No. 228. The Court also entered default judgment against International Nautic LLC. *Id.* However, regarding damages to be assessed against International Nautic LLC, the Court found that it would only cost a few thousand dollars to make the boat CE compliant based upon the evidence presented at trial. *Id.* at 33. Namely, the Court found as follows:

---

[2] The lengthy procedural history of this case is mentioned only to the extent necessary for the resolution of the Plaintiff's Motion for Entry of Final Judgment.

> "The fact that a default is entered does not automatically result in plaintiff recovering what was demended [sic] in the complaint." 10A Fed. Prac. & Proc. Civ. § 2688.1 (4th Ed. 2018). "When a defendant is in default, the well pleaded factual allegations in the [c]omplaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (citations omitted). Additionally, Rule 55(b)(2) empowers the Court to hold hearings when it needs to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." In this case, the Court has received and examined evidence over the course of the bench trial related to the damages, and will use those findings to inform the default judgment against International Nautic.
>
> Throughout the litigation and bench trial, SelectSun consistently highlighted the greatest flaw with the Boat: As delivered, it was not CE-certified. Porter does not dispute this, and all the evidence presented supports this conclusion as well. However, the Boat is usable. Schwaiger testified that he drove the Boat for an entire boating season. The primary problem he had with the Boat during the boating season involved an issue with the drive shaft, which the manufacturer (Ilmor) repaired. SelectSun did not provide sufficient evidence to tie the drive shaft issues to Porter or International Nautic, and instead focused its arguments around CE-certification.
>
> But the evidence presented at the bench trial, specifically the testimony of Wayne Porter and Augusto Villalon, demonstrates that the Boat can be CE-certified with a different exhaust system. The IMCI approved the Formula 420 FX 8 and its variants with an integral exhaust system for CE-certification in December 2013. Therefore, it appears that the Boat could have been CE-certified before this litigation began in January 2014, with a change to an integral exhaust system. While neither Wayne Porter nor Augusto Villalon testified to a precise amount that such a change would cost, both estimated that the cost of installing an exhaust system that complies with EU standards to be around a few thousand dollars. Potentially as few as $2,000. With the change in exhaust system, the Boat would be in compliance with EU standards, and could be both used and sold in Europe.
>
> Therefore, the Court will direct the Clerk to enter default against International Nautic. It will withhold the entry of a final default judgment until SelectSun provides evidence estimating the cost to replace the exhaust system to bring the Boat into compliance with EU standards. The Court will direct SelectSun to provide evidence of the same by October 31, 2018. If SelectSun does not provide evidence of its damages or file for an extension prior to the deadline, the Court will presume that SelectSun is waiving its pursuit of damages and will proceed accordingly.

*Id.* at 33–34. Accordingly, the Court withheld entry of a final default judgment against

International Nautic LLC until the Plaintiff demonstrated the cost to repair the boat so as to make

it CE compliant, setting a deadline of October 31, 2018, for Plaintiff to file evidence of its damages in accordance with the Court's Opinion and Order. *Id.* at 34.

On October 31, 2018, the Plaintiff filed an affidavit from Hubertus Kettner in support of its claims for damages. *See* Kettner Aff., ECF No. 239. Kettner, an expert who testified at the trial, stated that the boat could not be made CE compliant and was a total loss. *Id.* ¶¶ 1, 3, 7. On January 11, 2019, the Plaintiff filed the instant Motion for Entry of Final Judgment [ECF No. 240]. Notwithstanding this Court's prior instructions, the Plaintiff continued to argue that "the cost of repair is inadequate to make Plaintiff whole." Mot. for Entry of Final J., p. 6, ECF No. 240. The Plaintiff argued at length that the boat could not be repaired and that the purchase price of the boat—which was $840,000.00—was the appropriate valuation of damages. *Id.* at 6–7. The Plaintiff also argued that his damages included the purchase of a custom boat lift and financing charges. *Id.* at 5.

On March 28, 2019, the Court found "that the Plaintiff has demonstrated that damages in the amount of $68,816.65 for the boat lift and financing charges in the amount of $124,000.00 are appropriate. The Plaintiff, however, has failed to demonstrate that damages for the full cost of the boat and attorney's fees are appropriate." Op. & Order, p. 6, ECF No. 241. Thus, the Court ordered the Plaintiff to file additional materials to support its claims for damages and court costs. *Id.* at 7. In pertinent part, the Court found as follows:

> First, there is a dispute between the Court's findings that the boat could become CE-certified and the affidavit presented. In its Opinion and Order denying the Plaintiff's claims against Defendant Porter, the Court found that Defendant's expert Augusto Villalon, presented persuasive evidence that the "[b]oat can be CE-certified with a different exhaust system" and it appears that the boat "could have been CE-certified before this litigation began in January 2014, with a change to the integral exhaust system." (Op. and Order at 33–34.) The affiant disputes this and the Plaintiff contends that the Court "should not rely on Mr. Villalon's unreliable (uninformed and without foundation or basis) testimony in determining the Final Judgment against International Nautic." (Pl.'s Mot. for Entry of Final J. at 7 n.2.)

4

> Kettner's affidavit notes that there was an attempt to fix the boat but it does not describe these efforts in detail or provide supporting documentary evidence. "Courts must ascertain with reasonable certainty the proper amount of damages based upon either an evidentiary hearing or definite figures contained in documentary evidence or a detailed affidavit." *Huegel v. Wal-Mart Stores, Inc.*, 2016 WL 5929257, at *1 (N.D. Ind. Oct. 11, 2016) (emphasis added). Where an affidavit fails to provide sufficient detail and is not accompanied by additional documentation, such as here, an evidentiary hearing is appropriate. *Id.*, at *2. As is, the Kettner affidavit alone "cannot provide the requisite reasonable certainty for a damages award without the necessity of a hearing." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594 603 (7th Cir. 2007).
>
> Finally, the Plaintiff requests attorneys' fees and costs, but fails to provide a breakdown of those costs. The Plaintiff must provide a sufficiently itemized statement of the time spent on each task for which the Plaintiff seeks legal fees, along with the rate charged for each task, to demonstrate their reasonableness. *Lauer v. Working Office Techs. Co., LLC*, 2011 WL 4399818, at *2 (N.D. Ind. Sept. 21, 2011).

*Id.* at 6–7. As such, the Court withheld entry of final judgment. *Id.* at 7. The Court ordered the Plaintiff to file additional materials to support its request for damages and attorneys' fees. *Id.*

On May 3, 2019, the Plaintiff filed additional affidavits [ECF Nos. 242–44] in support of its Motion for Entry of Final Judgment. Kettner stated that the boat could not be made CE compliant and was economically worthless. Kettner Further Aff., p. 5, ECF No. 243. Erich Schwaiger, the operator of SelectSun, reiterated that the boat could not be made CE compliant for a few thousand dollars. Schwaiger Aff., p. 2, ECF No. 244. The Plaintiff's Attorney, Martin F. Gusy, submitted a request for attorneys' fees in the amount of $809,884.23. Decl. of Martin F. Gusy, p. 5, ECF No. 242. Attorney Gusy also attached various invoices in support of his request. *See* Invoices, ECF Nos. 242-3, 242-4.

The Plaintiff also appealed this Court's order which entered judgment in favor of Porter. *See* Notice of Appeal, ECF No. 235. On July 17, 2019, the Seventh Circuit affirmed this Court's order. *See* Mandate, ECF No. 245. The Seventh Circuit concluded that the Plaintiff "did not meet its burden of proving damages to a reasonable certainty on either its breach of contract or

warranty claims." *SelectSun GmbH v. Porter, Inc.*, 928 F.3d 550, 556 (7th Cir. 2019). Notably, the Seventh Circuit held as follows:

> Not only did [the Plaintiff] decline to present affirmative evidence as to the cost of specific damage or the current value of the boat, it failed to rebut Porter's evidence that the boat could be made CE compliant for only $2,000. While Indiana law affords some flexibility in proving damages, a plaintiff must come forward with an estimate rooted in evidence and demonstrated to a reasonable certainty.

*Id.* at 555.

On August 21, 2019, this Court withheld entering final judgment and gave the Plaintiff leave of court to file supplemental briefing or new affidavits in light of the Seventh Circuit's analysis. Order, ECF No. 246. The Plaintiff thereafter filed a Letter [ECF No. 249] in which it argued that the Seventh Circuit's analysis should not affect this Court's ruling as to International Nautic LLC. Letter, p. 1, ECF No. 249. This matter is fully briefed and ripe for ruling.

## ANALYSIS

The Plaintiff requests (1) damages against International Nautic LLC in the amount of $1,032,816.85 and (2) attorneys' fees in the amount of $809,884.23. The Court finds that the Plaintiff is entitled to $194,816.65 in compensatory damages and is not entitled to attorneys' fees.

**A.      Compensatory Damages**

The Court finds that the Plaintiff is entitled to $194,816.65 in compensatory damages. "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

"This two-step process is clearly outlined in Rule 55(a) (entry of default) and Rule 55(b) (default judgment) of the Federal Rules of Civil Procedure." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

Upon the entry of default, the plaintiff's well-pleaded allegations in the complaint relating to liability are taken as true. *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). However, "the allegations in the complaint with respect to the amount of the damages are not deemed true." *In re Catt*, 368 F.3d at 793 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154–55 (2d Cir. 1999)). As such, "the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d at 793. The amount of damages sought must "naturally flow from the injuries pleaded." *Wehrs v. Wells*, 688 F.3d 886, 893 (7th Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). Furthermore, conclusory affidavits are insufficient to meet the plaintiff's burden of demonstrating reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 603 (7th Cir. 2007). "In this case, the Court has received and examined evidence over the course of the bench trial related to the damages, and will use those findings to inform the default judgment against International Nautic." *SelectSun GmbH v. Porter, Inc.*, 338 F. Supp. 3d 905, 925 (N.D. Ind. 2018); Order, p. 33, ECF No. 228; *see also e360 Insight*, 500 F.3d at 602.

The Court has previously found that "the evidence presented at the bench trial, specifically the testimony of Wayne Porter and Augusto Villalon, demonstrates that the Boat can be CE-certified with a different exhaust system." Op. & Order, p. 33, ECF No. 228. Both Porter and Villalon "estimated that the cost of installing an exhaust system that complies with EU standards to be around a few thousand dollars. Potentially as few as $2,000." *Id.* at 34. Based

upon this finding of fact, the Court then provided the Plaintiff with an opportunity to "provide evidence estimating the cost to replace the exhaust system to bring the Boat into compliance with EU standards." *Id.* However, the Plaintiff submitted affidavits which essentially relitigated the issues presented at trial. For example, the Plaintiff submitted an affidavit from Hubertus Kettner which stated that it is "impossible to assess cost of repair for this Boat. I already opined at trial that this Boat cannot be made CE compliant and is a total loss." Kettner Further Aff. ¶ 14, ECF No. 243. However, the Court has already considered the evidence presented at trial and rejected this argument.

Based upon the evidence introduced at trial, the Court finds that the cost of making the boat CE complaint is $2,000. *See also Porter*, 928 F.3d at 555–56. This Court has previously found that the Plaintiff is entitled to $68,816.65 for the boat lift and $124,000.00 for financing charges. Op. & Order, p. 6, ECF No. 241. As such, the Plaintiff is entitled to a sum of $194,816.65 in compensatory damages.

**B.    Attorneys' Fees**

The Plaintiff argues that he is entitled to attorneys' fees because "[l]iability has been established against International Nautic for, *inter alia*, fraud and violations of the Magnuson-Moss Warranty Act." Mot. for Entry of Final J., p. 7, ECF No. 240.[3] Based upon documentary evidence submitted, the Plaintiff requests $809,884.23 in attorneys' fees and court costs. For the reasons stated below, the Plaintiff's request is denied.

"In all suits based on fraud or material misrepresentation, if the plaintiff recovers judgment in any amount, the plaintiff shall also be entitled to recover *reasonable* attorney

---

[3] The Plaintiff does not set forth any other statutory or contractual authority for an award for attorneys' fees. As such, the Court will only consider whether the Plaintiff is entitled to an award of attorneys' fees under Indiana Code § 26-1-2-721 and the Magnuson-Moss Warranty Act. Any other potential theory of recovery for attorneys' fees is waived. *See United States v. Jones*, 224 F.3d 621, 626 (7th Cir. 2000).

fees which shall be entered by the court trying the suit as part of the judgment in that suit." Ind. Code § 26-1-2-721 (emphasis added); *see also Monarch Beverage Co., Inc. v. Tyfield Imps., Inc.*, 823 F.2d 1187, 1192 (7th Cir. 1987). In determining the reasonableness of a fee, "the trial court may consider such factors as the time, labor, and skill required to perform the legal service, the amount involved and the results obtained, the experience, reputation, and ability of the lawyer, and the fee customarily charged in the locality for similar legal services." *Longest ex rel. Longest v. Sledge*, 992 N.E.2d 221, 231 (Ind. Ct. App. 2013); *see also* Ind. Prof'l Conduct R. 1.5(a).

Based upon the record as a whole, the Court finds that it was objectively unreasonable to incur $809,884.23 in attorneys' fees. As noted above, the boat could have been made CE compliant for a few thousand dollars. Furthermore, based upon the evidence presented at trial, the Court finds that the structural damage to the boat resulted from the Plaintiff's negligence rather than any manufacturing defect. *See* Op. & Order, p. 22, ECF No. 228 ("Villalon stated that, instead of Kettner's explanations, the far more likely cause of the damage was that the Boat was driven hard and fast in rough waters, and the resulting force was strong enough to break interior brackets, crack gel coating, and damage other interior components."). Accordingly, the Court finds that it was objectively unreasonable to incur hundreds of thousands of dollars in legal fees to pursue international litigation over a boat which (1) was damaged due to the Plaintiff's negligence and (2) could have been made CE compliant for a few thousand dollars. Thus, based upon the amounts involved and the results obtained, the Court finds that the requested amount of fees is objectively unreasonable.

Furthermore, International Nautic LLC's role in this case was rather limited. Specifically, International Nautic LLC's only filings in this Court were Answers to the Plaintiff's Complaints [ECF Nos. 15, 78] and a Motion to Dismiss [ECF No. 80]. However, due to the International Nautic LLC's failure to appear at several court hearings, default judgment was entered against International Nautic LLC and its filings were stricken. *See* Order, ECF No. 170. Following a bench trial at which judgment was entered in favor of Porter, the Plaintiff filed the instant Motion for Entry of Final Judgment against International Nautic LLC [ECF No. 240]. The Plaintiff has filed various affidavits and other supporting documents in support of this Motion. However, the Plaintiff makes no effort to separate its legal expenses as to International Nautic LLC from those incurred in pursuing its case against Porter. Instead, the Plaintiff seeks reimbursement for the *entire cost* of its litigation. However, this request is inappropriate because judgment was entered in favor of Porter. Furthermore, "[t]he party requesting an assessment of attorney fees bears the burden of proving an appropriate allocation of fees between issues for which attorney fees may be assessed and those for which they may not." *Nance v. Miami Sand & Gravel, LLC*, 825 N.E.2d 826, 838 (Ind. Ct. App. 2005). "While a perfect breakdown is neither realistic nor expected, a reasonable, good faith effort is anticipated." *SJS Refractory Co., LLC v. Empire Refractory Sales, Inc.*, 952 N.E.2d 758, 767 (Ind. Ct. App. 2011). Because the Plaintiff has not attempted to identify the attorneys' fees incurred in obtaining a judgment against International Nautic LLC as opposed to those incurred in pursuing its unsuccessful claims against Porter, the Plaintiff has failed to meet its burden to demonstrate that the fees requested are reasonable or

appropriate. *See Miami Sand & Gravel*, 825 N.E.2d at 838–39 (recognizing that a party must allocate attorneys' fees to the appropriate defendant).

The Court also finds that the Plaintiff is not entitled to attorneys' fees under the Magnuson-Moss Warranty Act. This Act is "a remedial statute designed to protect the purchasers of consumer goods from deceptive warranty practices." *Miller v. Willow Creek Homes, Inc.*, 249 F.3d 629, 630 (7th Cir. 2001). Under the Act, a successful plaintiff may be allowed to recover attorneys' fees and other expenses. *See* 15 U.S.C. § 2310(d)(2). In relevant part, the Act provides as follows:

> If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been *reasonably* incurred by the plaintiff for or in connection with the commencement and prosecution of such action, *unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate*.

*Id.* (emphasis added). An award of attorneys' fees under the Act is a matter left to the sound discretion of the district court. *Samuels v. Am. Motors Sales Corp.*, 969 F.2d 573, 579 (7th Cir. 1992); *see also* Alba Conte, 3 Attorney Fee Awards § 23:1 (3d ed. 2019).

As noted above, the Court finds that it was objectively unreasonable for the Plaintiff to incur hundreds of thousands of dollars in legal fees over a boat which was damaged due to the Plaintiff's negligence and could have been made CE compliant for a few thousand dollars. Therefore, for the reasons stated above, the Court finds that an award of attorneys' fees under the Magnuson-Moss Warranty Act would be inappropriate.

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Entry of Final Judgment [ECF No. 240] is GRANTED in part and DENIED in part. The Plaintiff is awarded compensatory damages in the amount of $194,816.65. The Plaintiff's request for attorneys' fees is denied. The Clerk of Court is DIRECTED to enter final judgment in favor of the Plaintiff and against International Nautic LLC.

SO ORDERED on March 10, 2020.

                                          s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT